TpER CURIA M.
 

 This cause was instituted formerly in W3- -*■ mfngton Superior Court. The act oi 1715 was pleaded, and thereupon a esse was made and stated h r the Court of Conference, who decided that the said act of 1715, eh. 48, sec. 9, was-in lorce. The plaintiff’s counsel then teplied to the plea; and after the replication, the whole bill was dismissed on their motion, that is to say, on the motion of the plaintiff’s counsel. The suit was then ins! huts d in this court, and the defendants counsel have pleaded the former dismission in bar. We are of opinion that was not a dismission
 
 upon the merits,
 
 considered of and decided by the court, and therefore that the plea in bar is not good. There is also another plea in bar; namely, the act of 3789, rh. 23, sec.
 
 4;
 
 by which it appears that this suit was not commenced, within three years from the qualification of the executors, though there was an administrator ol Grubb in England, Now as there was no administrator in this country, thert was no person in being who could demand the debt, of course no creditor to be barred. The words of the act are, “ the creditors “ of any person deceased, if they reside without the limits' of 4t 'his state, shall within three years from the qualification of the “ executor or administrator, exhibit and make demand, &c. — ■ 11 and if any cn ditor shall hereafter fail to demand and bring suit 46 for the recovery, &c. he shall forever be debarred,” &c. The-
 
 *379
 
 plaintiff, therefore, is not within the body of the act. We need not consider whether an exception shall be allowed cf, which is not expressly mentioned in the act.